Richard Kim (SBN: 272184)
Email: RichKimLaw@gmail.com
**Law Offices of Richard Kim**
6131 Orangethorpe Ave., Suite 370
Buena Park, CA 90620
Phone: 714-276-1122
Fax: 714-276-1120

Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Karen Kim (SBN 297857)
Email: kkim@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
Phone: 213-387-3630
Fax: 213-788-3365

*Attorneys for Plaintiff,*
*SPIGEN KOREA CO., LTD.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>ISPEAKER CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company; DOES 1 though 10, inclusive,<br><br>Defendants. | Case No: 2:16-cv-08559-DOC-DFM<br>Assigned to: Honorable David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Hearing:**<br>Date:  February 13, 2017<br>Time:  8:30 a.m.<br>Dept:  9D<br>Location:  411 West Fourth Street, Santa Ana, CA 92701 |

PLEASE TAKE NOTICE that on February 13, 2017, at 8:30 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Spigen Korea Co., Ltd. ("Spigen") will, and hereby does, move for an order granting Spigen leave to file its Second Amended Complaint and ordering that the Second Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Spigen's Second Amended Complaint, and the [Proposed] Order filed herewith, on all the files and records of this action, and on any additional evidence as may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS OF AUTHORITIES

### I. INTRODUCTION

Through this motion, Spigen seeks leave to file its Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Spigen's Second Amended Complaint, attached hereto as Exhibit A, adds VRS Design, Inc. ("VRS Design") as a defendant and dismisses Verus U.S.A., LLC ("Verus"), as a defendant named in Spigen's First Amended Complaint. The change in defendants is based on new information that Spigen learned since the filing of the First Amended Complaint. Spigen's Second Amended Complaint is timely and does not cause any prejudice to Ispeaker Co., Ltd. ("Ispeaker") or VRS Design (collectively, "Defendants").

### II. STATEMENT OF FACTS

Spigen commenced this action on November 16, 2016, to seek declaratory judgment that Ispeaker infringed one or more claims of Spigen's United States Patent No. 9,049,283 (the "'283 Patent"), damages for said infringement, and permanent injunction enjoining Ispeaker from further acts of infringement. Spigen had been involved in a previous litigation with Ispeaker and Verus over an accused product, the Damda Slide. The parties settled, and that previous litigation was dismissed. In this current litigation, Spigen alleges that the accused product, the Damda Glide,

which is different from the Damda Slide and could not be included in the previous ligation, infringes on Spigen's '283 Patent. On November 17, 2016, Spigen sent the complaint and a cease and desist letter to Ispeaker's counsel from the previous litigation and demanded a response by November 30, 2016. The only response from Ispeaker's counsel was to refuse service.

Spigen later amended the complaint to include Verus, which, at the time of filing, was believed to be the United States distributor of Ispeaker's products. Verus was duly served. *See* Exhibit B for proof of service.

Since filing the First Amended Complaint, Spigen has discovered additional information necessitating the filing of this Second Amended Complaint. Verus's counsel from the previous litigation contacted Spigen's counsel to inform Spigen that Verus is not involved in the distribution of the current accused product, the Damda Glide, and that he was not authorized to accept service for Ispeaker and Verus. Upon further investigation, Spigen believes that it has found the Ispeaker's current U.S. distributor in VRS Design. Accordingly, Spigen seeks an order permitting Spigen to file the proposed Second Amended Complaint.

## III.   ARGUMENT

### A.   Leave Is Freely Granted By Courts

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeated affirmed that leave to amend is to be granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050 (9th Cir. 2003) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182 ("In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given.'"); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities); *Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F.Supp.3d 1036, 1059 (C.D. Cal. 2014) (leave to amend a

pleading should be freely given with "extreme liberality"). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are undue delay, bad faith, prejudice to the opposing party, and futility of the amendment. *Foman*, 371 U.S. at 182. None of these factors are present here.

### B.  Amendment Should Be Permitted

Spigen's Second Amended Complaint is timely and should be allowed. Furthermore, Spigen falls well within the liberal standard for freely allowing the amendment of pleadings. *See, Foman*, 371 U.S. at 182.

The proposed amendments are necessary and in furtherance of justice. Spigen seeks to amend the Second Amended Complaint by substituting Verus with VRS Design. Since filing the First Amended Complaint, Spigen's counsel was informed that Verus was not the distributor. After further investigation, Spigen has determined that VRS Design is the correct defendant in this action. Therefore, Spigen dismisses Verus as a defendant in this action and seeks to add VRS Design as a defendant.

Morever, there is no prejudice to Defendants here. No answer has yet been filed by Ispeaker or Verus, nor has discovery been served. No counsel has even appeared on behalf of either defendant. Additionally, Spigen's Second Amended Complaint does not change the nature of the lawsuit. Accordingly, Defendants will not be prejudiced by an order granting leave to file Spigen's Second Amended Complaint.

Spigen offers its Second Amended Complaint in good faith and without undue delay. Spigen only discovered that Ispeaker had changed its U.S. distributor after Verus's counsel contacted Spigen's counsel upon being served with the First Amended Complaint. Spigen submits this motion and proposed Second Amended Complaint soon thereafter.

In sum, Spigen's Second Amended Complaint was filed in good faith and

without undue delay, contains claims similar to those originally asserted, and does not prejudice Defendants.  Consequently, none of the factors on which courts base denial of motions for leave to amend are present here.  The amendments are necessary and in furtherance of justice.  Therefore, Spigen's motion for leave should be granted.

## IV.   CONCLUSION

For the reasons discussed above, Spigen respectfully seeks leave of this Court to file the proposed Second Amended Complaint.

Dated:  January 10, 2016              Respectfully submitted,

By:  /s/ Heedong Chae_____
    Heedong Chae
    Richard Kim
    Karen Kim
    Attorneys for Plaintiff
    KOREA SPIGEN CO., LTD.