Michael B. Eisenberg (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10028
Tel: 212.513.3529
Fax: 212.385.9010
Email: michael.eisenberg@hklaw.com

Stacey H. Wang (SBN 245195)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: 213.896.2400
Fax: 213.896.2450
Email: stacey.wang@hklaw.com

*Attorneys for Defendants*
*VRS Design, Inc. and iSpeaker Co. Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ISPEAKER CO., LTD., a Republic of Korea corporation; VRS DESIGN,INC., a California corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 2:16-cv-08559-DOC-DFM<br>Assigned to: Hon. David O. Carter<br><br>**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>Third Amended Complaint Filed: April 5, 2017<br><br>**JURY TRIAL DEMANDED** |

iSpeaker Co., Ltd ("iSpeaker") and VRS Design, Inc. ("VRS Design") (collectively "Defendants"), by and through their attorneys, hereby answer the Third Amended Complaint of Plaintiff Spigen Korea Co., Ltd.'s ("Spigen" or "Plaintiff") as follows:

1.  Defendants admit that Spigen's Complaint purports to be an action for patent infringement.

2.  Defendants admit that the Court has subject matter jurisdiction.

3.  Defendants admit solely for the purpose of this lawsuit that the Court has personal jurisdiction over Defendants. Unless otherwise admitted, denied.

4.  Solely for purposes of this litigation, Defendants do not dispute venue.

5.  Defendants lacks sufficient information to form a belief about the truth of this allegation.

6.  Defendants admit the allegations in paragraph 6.

7.  Defendants admit that VRS Design is a California corporation. Unless otherwise admitted, denied.

8.  Defendants admit the allegations in paragraph 8.

9.  Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit that a corporation named VRS Design, Inc. was formed as a California corporation in 2016. Unless otherwise admitted, Denied.

13. Defendants admit that Verus U.S.A., LLC sold products bearing the VRS Design brand name. Unless otherwise admitted, Denied.

14. Defendants admit that the website https://vrsdesign.com includes a link labeled "Shop Korea" that accesses the website http://www.verusshop.co.kr/main/index. Unless otherwise admitted, Denied.

15. Defendants admit the allegations of paragraph 15.

16. Defendants admit that VRS Design is a subsidiary of iSpeaker and that contacts have occurred between VRS Design and iSpeaker as part of that relationship. Defendants admit that the CEO of VRS Design is also the CEO of iSpeaker. Unless otherwise admitted, Denied.

17. Defendants lack sufficient information to form a belief about the truth of this allegation, and on that basis it is denied.

18. Defendants lack sufficient information to form a belief about the truth of this allegation, and on that basis it is denied.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants admit that the complaint appears to reproduce the language of claim 1 of the '283 patent. Unless otherwise admitted, Denied.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants admit that the complaint appears to reproduce the language of claim 16 of the '283 patent. Unless otherwise admitted, Denied.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIMS

41. Defendants admit that Spigen previously filed suit alleging that iSpeaker and Verus U.S.A. infringed the '283 patent. Defendants admit that the prior dispute was settled and dismissed. Unless otherwise admitted, Denied.

42. Defendants admit that Spigen purports to have sent a letter to iSpeaker on November 17, 2016 and purports not to have received a response. Unless otherwise admitted, Denied.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### (Non-Infringement of the Patent In Suit)

1. Defendants have not infringed (either directly, by contributory infringement, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the Asserted Patent.

### SECOND AFFIRMATIVE DEFENSE:
### (Invalidity of the Patent In Suit)

2. One or more claims of the Asserted Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to sections 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE:
### (Unenforcability Due to Inequitable Conduct)

3. Plaintiff's claims are barred because the '283 patent is unenforceable.

4. The applicant for the '283 patent and/or his representatives were aware of but failed to disclose material prior to the Patent Office.

5. An example piece of art of which the applicant for the '283 patent and/or his representatives were aware is Korean Utility Model No.20-0472435.

6. Korean Utility Model No. 20-0472435 was material to the claims as prosecuted and as issued by the Patent Office.

7. Korean Utility Model No. 20-0472435 was not cumulative to the prior art made of record during the prosecution of the '283 patent.

8. The applicant for the '283 patent withheld Korean Utility Model No. 20-0472435 with an intent to deceive.

## COUNTERCLAIMS

Counterclaim-Plaintiffs VRS Design and iSpeaker hereby counterclaim against Spigen as follows:

## PARTIES

1. Counterclaim-Plaintiff VRS Design is a California corporation, with its principal place of business at 14251 Firestone Blvd. Suite 110, La Mirada, CA 90638.

2. Counterclaim-Plaintiff iSpeaker is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 116-18, Baekma-ro 502beon-gil, Ilsandong-gu, Goyang-si, Gyeonggi-do, Korea.

3. Counterclaim-Defendant Spigen is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheongu, Seoul, Republic Of Korea.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

6. The Court has personal jurisdiction over Counterclaim-Defendant.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement)

7. Counterclaim-Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-6.

8. An actual case or controversy exists between parties as to whether the '283 patent is infringed by Counterclaim-Plaintiffs.

9. Counterclaim-Plaintiffs seek a judicial declaration finding that they do not infringe and have not infringed the '283 Patent.

## COUNT TWO
### (Declaratory Judgment of Invalidity)

10. Counterclaim-Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-9.

11. An actual case or controversy exists between parties as to the validity of the asserted claims of the '283 patent.

12. Counterclaim-Plaintiffs seek a judicial declaration finding that the asserted claims of the '283 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 102, 103, and/or 112.

## COUNT THREE
### (Declaratory Judgment of Unenforceability)

13. Counterclaim-Plaintiffs restate and incorporates by reference the allegations in paragraphs 1-12 of these counterclaims.

14. An actual case or controversy exists between parties as to the enforceability of the '283 patent.

15. Counterclaim-Plaintiffs seek a judicial declaration determining that the '283 patent is unenforceable for inequitable conduct involving the failure to disclose material information to the Patent Office during the prosecution of the '283 patent with an intent to deceive.

16. The material prior art withheld by the applicant for the '283 patent and/or his representatives include Korean Utility Model No. 20-0472435.

17. Korean Utility Model No. 20-0472435 was not cumulative to the prior art of record during the prosecution of the '283 patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiffs respectfully request that judgment be entered in their favor and against Plaintiff/Counterclaim-Defendant as follows:

A. Judgment in favor of Defendant/Counterclaim-Plaintiffs, denying all relief Plaintiff/Counterclaim-Defendant has requested in its Third Amended Complaint and dismissing Plaintiff's Third Amended Complaint for patent infringement with prejudice;

B. A declaration that Defendant/Counterclaim-Plaintiffs have not infringed the '283 patent;

C. A declaration that the asserted claims of the '283 patent are invalid;

D. A declaration that the '283 patent are unenforceable;

7
ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIMS

E. Awarding Defendant/Counterclaim-Plaintiffs their costs and attorney fees.

F. An award in favor of Defendant/Counterclaim-Plaintiffs of such other further relief as the Court may deem just and proper.

Dated:   May 18, 2017                Respectfully submitted,
                                     HOLLAND & KNIGHT LLP


                                     By: /s/ *Michael Eisenberg*
                                         Michael B. Eisenberg (*pro hac vice*)
                                         Stacey H. Wang
                                         Attorneys for Defendant VRS Design,
                                         Inc. and iSpeaker Co. Ltd.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

8
ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIMS

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

I caused the foregoing document(s) to be served as follows:

**[X]** (**By Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system.

Richard Kim
Law Offices of Richard Kim
6131 Orangethorpe Ave., Suite 370
Buena Park, CA 90620
Email: RichKimLaw@gmail.com

Heedong Chae
Karen Kim
East West Law Group PC
3600 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
Email: hdchae@ewpat.com
Email: kkim@ewpat.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on May 18, 2017 at Los Angeles, California.

*/s/ Stacey H. Wang*
Stacey H. Wang

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450