

1  Michael B. Eisenberg (admitted *pro hac vice*)
   HOLLAND & KNIGHT LLP
2  31 West 52nd Street
   New York, NY 10028
3  Tel: 212.513.3529
   Fax: 212.385.9010
4  Email: michael.eisenberg@hklaw.com

5
   Stacey H. Wang (SBN 245195)
6  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
7  Los Angeles, California 90071
   Tel: 213.896.2400
8  Fax: 213.896.2450
   Email: stacey.wang@hklaw.com
9

10 *Attorneys for Defendants*
   *VRS Design, Inc. and iSpeaker Co., Ltd.*
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 SPIGEN KOREA CO., LTD., a Republic      ) Case No: 2:16-cv-08559-DOC-DFM
   of Korea corporation,                   ) Assigned to: Hon. David O. Carter
16                                          )
                                            )
17                Plaintiff,                )
                                            )
18       v.                                 ) **DEFENDANTS VRS DESIGN, INC.**
                                            ) **AND ISPEAKER CO., LTD.'S**
19                                          ) **NOTICE OF MOTION AND**
   ISPEAKER CO., LTD., a Republic of        ) **MOTION FOR ATTORNEY FEES**
20 Korea corporation; VRS DESIGN, INC.,     ) **UNDER 35 U.S.C. § 285;**
   a California corporation; DOES 1         ) **MEMORANDUM OF POINTS AND**
21 through 10, inclusive,                   ) **AUTHORITIES IN SUPPORT**
                                            ) **THEREOF**
22                Defendants.               )
                                            ) Date: January 7, 2019
23                                          ) Time: 8:30 a.m.
                                            ) Courtroom 9D
24                                          )
                                            )
25                                          )
                                            )
26                                          )
                                            )
27 _____ )

28

---

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, January 7, 2019, at 8:30 am, or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA, 92701, 9th Floor, Defendants iSpeaker Co., Ltd. and VRS Design, Inc. (collectively "Defendants"), by and through their attorneys of record, will and do hereby move this Court for an Order awarding Defendants their attorney fees and expenses following entry of judgment in their favor in this matter (Dkt. 171).

This motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Michael Eisenberg and exhibits attached thereto, the record of this proceeding to date, and any and all evidence that may be presented at or before the hearing of this matter.

By obtaining orders invalidating all patent claims asserted by Plaintiff in this action (Dkt. 157, Dkt. 167), Defendants indisputably are the "prevailing part[ies]." As required under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), Defendants identify the Judgment in this matter (Dkt. 171) and 35 U.S.C. § 285 as the bases of the requested award. In addition, as required under Federal Rule of Civil Procedure 54(d)(2)(B)(iii), Defendants provide an estimate of $480,000 in attorney fees and $35,000 in expenses as the amount sought. In compliance with Local Rule 54, a portion of the expenses that constitute taxable costs are presented through the concurrently filed Application to the Clerk to Tax Costs (Form CV-59).


Dated: November 21, 2018          Respectfully submitted,
                                  HOLLAND & KNIGHT LLP

                          By: _____/s/ *Michael Eisenberg*_____
                                  Michael B. Eisenberg (*pro hac vice*)
                                  Stacey H. Wang
                                  Attorneys for Defendants VRS Design,
                                  Inc. and iSpeaker Co., Ltd.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

i

1
2

# <u>TABLE OF CONTENTS</u>

Page

I.   PRELIMINARY STATEMENT ................................................................. 1

II.   BACKGROUND ........................................................................................ 1

III.   RELEVANT STANDARDS ...................................................................... 2

    A.   Procedural Standards ...................................................................... 2

    B.   Substantive Standard ...................................................................... 3

    C.   Burden of Proof ............................................................................... 4

IV.   ARGUMENT ............................................................................................. 4

    A.   Plaintiff's Substantive Litigation Positions Were Untenable From the Outset ................................................................. 5

        1.   Plaintiff's Constructions Were Unsupportable ...................... 5

        2.   Plaintiff's Infringement Theories Were Baseless .................. 8

        3.   Plaintiff Failed to Provide a Meaningful Response to Defendant's Invalidity Theory ........................... 12

    B.   Plaintiff's Manner of Litigation Was Unreasonable ...................... 13

        1.   Plaintiff's Discovery Conduct Was Unreasonable ................................................................... 14

        2.   Plaintiff's Summary Judgment Responses Were Procedurally Improper ............................................. 15

    C.   Other "Non-Exclusive" Factors Support the Award of Fees ............................................................................................... 16

    D.   Summary ........................................................................................ 18

V.   DEFENDANTS PROPOSE A SIMPLIFIED PROCEDURE FOR THE QUANTIFICATION OF FEES ................................................. 19

VI.   CONCLUSION ........................................................................................ 19

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*AdjustaCam, LLC v. Newegg, Inc.,*
   861 F.3d 1353 (2017) ................................................................... 11

*Checkpoint Sys. Inc. v. All-Tag Security S.A.,*
   858 F.3d 1371 (Fed. Cir. 2017) ..................................................... 16

*CRST Van Expedited, Inc. v. E.E.O.C.,*
   136 S. Ct. 1642 (U.S. 2016) ............................................................. 4

*Eltech Systems Corp. v. PPG Industries, Inc.*
   903 F.2d 805 (Fed. Cir. 1990) ................................................. 11, 12

*Golight, Inc. v. Wal–Mart Stores, Inc.,*
   355 F.3d 1327 (Fed. Cir. 2004) ....................................................... 7

*Heighley v. J.C. Penney Life Ins. Co.,*
   257 F. Supp. 2d 1241 (C.D. Cal. 2003) ........................................ 15

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.,*
   572 U.S. 559 (2014) .......................................................................... 3

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.,*
   876 F.3d 1372 (2017) ............................................................... 11, 16

*Lakim Indus., Inc. v. Linzer Prod. Corp.,*
   No. 2:12-CV-04976, 2013 WL 1767799 (C.D. Cal. Apr. 24, 2013) ................. 5

*LLC v. Cook Medical LLC,*
   892 F.3d 1175 (Fed. Cir. 2018) ....................................................... 3

*Lumen View Tech. LLC v. Findthebest.com, Inc.,*
   811 F.3d 479 (Fed. Cir. 1016) ................................................. 13, 15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
   572 U.S. 545 (2014) ................................................................*passim*

*Raylon, LLC v. Complus Data Innovations, Inc.,*
   700 F.3d 1361 (Fed. Cir. 2012) ....................................................... 5

*In re Rembrandt Tech. LP Patent Litigation,*
   899 F.3d 1254 (Fed. Cir. 2018) ............................................... 13, 16

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

*Rodriguez v. Cty. of Los Angeles*,
    96 F. Supp. 3d 1012, 1027 (C.D. Cal. 2014) ...................................................... 15

*Rothschild Connected Devices Innovations LLC v. Guardian*
    *Protection Services, Inc.*, 858 F.3d 1383 (Fed. Cir. 2017) ................... 13, 15, 17

*Roxane Labs., Inc. v. Camber Pharm. Inc.*,
    No. CV 14-4042 (SRC), 2017 WL 1356324 (D.N.J. Apr. 12, 2017) ................. 5

*Spigen Korea Co. Ltd. v. iSpeak Co. Ltd.*,
    No 8:15-cv-01050 (C.D. Cal. filed Jul. 1, 2015)............................................. 1, 16

*Spigen Korea Co Ltd. v. Liu*,
    No. 2:16-cv-09185 (C.D. Cal. filed Dec. 12, 2016).......................................... 17

*Spigen Korea Co. v. Congjing Technology Co., Ltd.*,
    No. 2:17-cv-03463 (C.D. Cal. filed May 8, 2017) ........................................... 17

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    726 F.3d 1306 (Fed. Cir. 2013) ........................................................................ 5

*Universal Electronics, Inc. v. Universal Remote Control, Ind.*,
    130 F. Supp. 3d 1331, 1333-35 (C.D. Cal. 2015) ............................................ 18

*Valmont Indus., Inc. v. Reinke Mfg. Co.*,
    983 F.2d 1039 (Fed. Cir. 1993) ......................................................................... 7

*Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*,
    No. CV 12-1285, 2015 WL 9462063 (D. Del. Dec. 28, 2015)........................... 5

**Statutes**

35 U.S.C. § 112.......................................................................................................... 7

35 U.S.C. § 285......................................................................................... 3, 4, 5, 13

**Other Authorities**

Fed. R. Civ. P. 30(b)(2) .......................................................................................... 14

Fed. R. Civ. P. 34(b)(2)(A)...................................................................................... 14

Fed. R. Civ. P. 54(d)(2)(A)........................................................................................ 2

Fed. R. Civ. P. 54(d)(2)(B) ........................................................................................ 3

iv

1
Fed. R. Civ. P. 54(d)(2)(D) ........................................................................................ 3

2
Fed. R. Civ. P. 56(c)(4) .......................................................................................... 15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

Holland & Knight LLP
400 South Hope Street, 8ᵗʰ Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

## I.     PRELIMINARY STATEMENT

This case represents Plaintiff's <u>second</u> unsuccessful attempt to assert infringement of the '283 patent against Defendants. The first case ended in a mistrial on the first day of trial. The instant case was finally disposed of when the Court declared all of the asserted claims invalid as obvious. Yet even in defeat, the financial burden Plaintiff imposed on Defendants can be a form of victory. That burden followed directly from Plaintiff's decision to pursue its claims to the bitter end despite: (1) the tenuous validity of the asserted claims, (2) the facial implausibility of infringement positions, and (3) the avoidable discovery mistake that led it to forego the right to rely on expert testimony as to validity, infringement, or damages. The record here leads to the logical conclusion that financial harm to Defendants formed at least as much of Plaintiff's goal as potential success on the merits. The Supreme-Court-acknowledged factors of <u>compensation</u> and <u>deterrence</u> under Section 285 favor the award of attorney fees in this case.

## II.    BACKGROUND

In 2015, Plaintiff brought suit against iSpeaker for infringement of U.S. Patent No. 9,049,283 ("the '283 patent"). *Spigen Korea Co. Ltd. v. iSpeak Co. Ltd*., No 8:15-cv-01050 (C.D. Cal. filed Jul. 1, 2015). After discovery and completion of summary judgment, and on the first day of trial, the Court granted a mistrial against Plaintiff, in part, based on the Court's concern that Plaintiff's presentation of its case would be "misleading to the jury." *Spigen Korea Co. Ltd. v. iSpeak Co. Ltd*., No 8:15-cv-01050 (C.D. Cal.) (Trial Tr. vol. 1, at 93:13-94:25, Nov. 8, 2016). The Court also explained that the participation of Heedong Chae as both trial counsel and fact witness would be "extraordinarily damaging." *Id.* at 99:9-101:7. Following the mistrial the parties submitted a joint stipulation of dismissal. *Spigen Korea Co. Ltd. v. iSpeak Co. Ltd*., No 8:15-cv-01050 (C.D. Cal.) (stipulation of dismissal, dated Nov. 10, 2016).

1

Within days of dismissal, Plaintiff filed this litigation alleging willful infringement, seeking treble damages, and an award of its attorney fees. (Dkt. 1 at 4.) Defendants answered and counterclaimed based on non-infringement, invalidity, and unenforceability. (Dkt. 40.) During the course of discovery, Plaintiff waived the opportunity to rely on expert testimony (Dkt. 57) and repeatedly disregarded this Court's scheduling order by serving multiple sets of written discovery out of time and insisting that Defendants respond. (Dkt. 64-10 through Dkt. 64-21.) These disputes resulted in the Court referring the parties to a special master.

On July 16, 2018, the Court granted summary judgment of invalidity as to 16 of the 17 asserted claims of the '283 Patent. (Dkt. 157 at 68.) The Court ordered additional briefing regarding the invalidity of the sole remaining claim, dependent claim 14. (*Id.*)

In an attempt to avoid the expense of additional briefing, on July 27, 2018 Defendants presented Plaintiff with a copy of the July 25, 2018 Declaration of Timothy Kwon (Dkt. 160-2). (Eisenberg Decl. Ex. 1.) The Kwon Declaration provided an element-by-element correspondence between the prior art and the additional elements of claim 14. (Dkt. 160-1.) Despite the disclosure and the request to stipulate to avoid the unnecessary expense, Plaintiff's counsel responded "[w]e believe that there is a good argument for the validity of the remaining claim and a valid basis to continue with the briefing." (Eisenberg Decl. Ex. 2.)

On October 22, 2018, the Court invalidated claim 14 based, in part, on the Kwon Declaration. (Dkt. 168-1 at 3.) On November 7, 2018, the Court entered judgment for Defendants. (Dkt. 171.)

## III. RELEVANT STANDARDS

### A. Procedural Standards

Under Federal Rule of Civil Procedure 54, a party may submit "[a] claim for attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2)(A). The

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

2

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

motion must "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B). As to the specific procedure to be applied, district courts have broad discretion. Fed. R. Civ. P. 54(d)(2)(D).

## B.    Substantive Standard

Section 285 of the Patent Act permits "[t]he court in <u>exceptional cases</u> [to] award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Although an issue of Federal Circuit law (*see Stone Basket innovations, LLC v. Cook Medical LLC*, 892 F.3d 1175, 1178 (Fed. Cir. 2018)), the two leading cases on this issue were both issued the same day by the Supreme Court. *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545 (2014); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc*., 572 U.S. 559 (2014).

As explained in *Octane*, the award of attorney fees in favor of a prevailing party is not a "penalty" or "sanction" against the losing party. 572 U.S. at 548, 554. Indeed, "[independently] sanctionable conduct is not the appropriate benchmark." *Id.* at 555. Instead, district courts must, "in the case-by-case exercise of their discretion, considering the totality of the circumstances," determine whether the case "is . . . one that stands out from others with respect to [1] <u>the substantive strength of a party's litigating position</u> (considering both the governing law and the facts of the case) or [2] <u>the unreasonable manner in which the case was litigated</u>." *Id.* at 554.[1]

In addition to the two broad categories encompassed with the Supreme Court's "exceptional case" standard as quoted above, the Court also provided guidance based on its jurisprudence "under a similar provision in the Copyright

---

[1]    All emphasis herein is added unless otherwise described.

3

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Act." *Id.* at 554 n.6. In particular, the Court approvingly cited "a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (citing *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 n.19 (1994)).

### C.    Burden of Proof

The decision to award or deny fees is "a simple discretionary inquiry [and] imposes no specific evidentiary burden." *Octane*, 572 U.S. at 557. Thus, district courts apply the "preponderance of the evidence standard . . . [which] allows both parties to share the risk of error in roughly equal fashion." *Id.* (citations and internal quotations omitted).

## IV.    ARGUMENT

By obtaining orders <u>invalidating all patent claims asserted by Plaintiff in this action</u> (Dkt. 157, Dkt. 167), Defendants indisputably are the "prevailing part[ies]."[2] As required under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), Defendants identify the Judgment in this matter (Dkt. 171) and 35 U.S.C. § 285 as the bases of the requested award. In addition, as required under Federal Rule of Civil Procedure 54(d)(2)(B)(iii), Defendants provide an estimate of $480,000 in attorney fees and $35,000 in expenses as the amount sought. In compliance with Local Rule 54, the expenses that constitute taxable costs are presented through the concurrently filed Application to the Clerk to Tax Costs (Form CV-59).

The *Octane* "exceptional case" standard presents two broad categories for consideration by the Court: "the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) [and] the unreasonable manner in which the case was litigated." 134 S. Ct. at 1753. The first

---

[2]    Although a party may become a "prevailing party" even without a "favorable judgment on the merits" (*see CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (U.S. 2016)), here, final judgment was entered in Defendant's favor on the merits (Dkt. 171).

4

two subsections below address those categories. The third subsection below addresses additional considerations relevant to the analysis.

### A.   Plaintiff's Substantive Litigation Positions Were Untenable From the Outset

#### 1.   Plaintiff's Constructions Were Unsupportable

Among the reasons often cited by district courts when awarding attorney fees in patent cases is the pursuit of unreasonable claim constructions. *See*, *e.g.*, *Roxane Labs., Inc. v. Camber Pharm. Inc.*, No. CV 14-4042 (SRC), 2017 WL 1356324, at *9 (D.N.J. Apr. 12, 2017); *Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, No. CV 12-1285, 2015 WL 9462063, at *3 (D. Del. Dec. 28, 2015) ("[Plaintiff's] reliance on its meritless claim construction proposal therefore supports the conclusion that this case is exceptional.") aff'd, 639 F. App'x 651 (Fed. Cir. 2014). Indeed, even under the significantly stricter pre-*Octane* standard, failure to apply controlling claim-construction standards was deemed evidence favoring a fee award. *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1369 (Fed. Cir. 2012) (citing cases); *see also Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) ("When patentees have sought unreasonable claim constructions divorced from the written description, this court has found infringement claims objectively baseless."); *Lakim Indus., Inc. v. Linzer Prod. Corp.*, No. 2:12-CV-04976, 2013 WL 1767799, at *3 (C.D. Cal. Apr. 24, 2013) (awarding attorney fees under § 285, in part, based on plaintiff's pursuit of a baseless claim construction), *aff'd*, 552 F. App'x 989 (Fed. Cir. 2014).

Helpfully, the Court already assessed and properly dismissed the untenable claim-constructions pursued by Plaintiff. (Dkt. 157.) Indeed, many of the Court's descriptions of Plaintiff's positions could be copied directly into an order awarding fees, as described below.

5

In presenting a summary of the law of claim construction, the Court noted that the intrinsic record (*i.e.*, the claims, specification, and prosecution history of the asserted patent) is considered more reliable than extrinsic evidence. (Dkt. 157 at 13 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-19 (Fed. Cir. 2005) (*en banc*).) Despite that black-letter law, "Plaintiff's analysis [was] <u>based primarily on extrinsic evidence</u> from ISpeaker's U.S. Patent No. 9,661,116 ('the 116 patent') and its file history, rather than focusing on the claims, specification, and prosecution history of the 283 Patent (i.e., the 'intrinsic' record)." (*Id.* at 15.) Plaintiff's failure to acknowledge or apply controlling precedent infected its analyses of a number of the disputed claim terms.

### a.     "groove"

With respect to the claim term "groove," Defendants requested the adoption of the same construction from the previous litigation against iSpeaker based on the identical patent. (Dkt. 157 at 18.) The primary argument raised in response by Plaintiff was that "[t]here is no need to construe the term 'groove' because the groove of the '283 Patent is the same as the 'slide coupling groove' as defined in Ispeaker's '116 Patent." (Dkt. 115-1 at 11.) In other words, Plaintiff's position on this term is an example of the above noted improper form of construction founded on <u>extrinsic evidence</u>.

In addition, as the Court explained "Plaintiff does not supply a good reason to depart from the claim analysis in the prior litigation." (Dkt. 157 at 19; *see also id.* ("Plaintiff argues that its construction is more precise, but it is not clear why the definition needs to be expanded to include more synonyms, or why it needs to be defined in relation to rails or sliding, simply because the grooves can be embodied with those functions.").) As will be addressed more fully in Section IV.A.2., the purpose of Plaintiff's intentionally ambiguous construction was to allege infringement against products that indisputably lack "grooves" according to any plain or ordinary meaning of that term.

Holland & Knight LLP
400 South Hope Street, 8ᵗʰ Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

6

### b.   "the hard protective frame comprises grooves"

Similarly, Defendants presented a straight-forward construction of the phrase "the hard protective frame comprises <u>grooves</u>" as "the hard protective frame must itself have <u>at least two grooves</u>." (Dkt. 157 at 19.) Without any support in law, the intrinsic record, or the English language, Plaintiff sought to rewrite the claims "to include <u>a singular form</u> of 'groove'." (Dkt. 115-1 at 5.) As the Court correctly noted in dismissing Plaintiff's counter-textual construction, "the ordinary meaning of the word grooves, in the plural, requires <u>more than one</u>." (*Id.* at 20.) Again, the underlying purpose of this overbroad construction becomes clear upon considering the corresponding infringement theory, which is addressed in Section IV.A.2.

### c.   "sliding means for sliding the cover forward and backward"

By statute, means-plus-function claims "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112, ¶ 6 (now recodified as 35 U.S.C. § 112(f)); *Golight, Inc. v. Wal–Mart Stores, Inc.*, 355 F.3d 1327, 1333 (Fed. Cir. 2004). The Plaintiff, however, ignored the statutory language and decades of case law by presenting a construction based on structures from Defendant's '116 patent. (Dkt. 115-1 at 6.) The flaw in Plaintiff's analysis of this term, therefore, is not merely that the cited evidence is <u>extrinsic</u>, but more importantly, that the cited evidence is <u>excluded from the analysis</u> as a matter of law.

In addition, as the Court correctly found, Plaintiff's construction did "not identif[y] a disclosed structure [in the specification]." (Dkt. 157 at 23.) In effect, Plaintiff pursued a facially improper claim scope encompassing any conceivable structure capable of performing the recited function. *See Valmont Indus., Inc. v. Reinke Mfg. Co.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993) ("Section 112 thus permits means-plus-function language in a combination claim, but with a 'string attached.'

7

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

The 'attached string' limits the applicant to the structure, material, or acts in the specification and their equivalents.").

## 2. Plaintiff's Infringement Theories Were Baseless

In order to establish infringement, Plaintiff was required to identify, *inter alia*, "a hard protective frame, . . . wherein the hard protective frame comprises <u>grooves</u> [and] a cover which includes rails adapted to mate with and to be slidably mounted on the grooves so that the cover slides along the grooves to open and close the storage compartment." (Dkt. 1-1 at 6:65-7:4.) From the start of this litigation, Plaintiff lacked a colorable infringement theory.[3]

In its first set of interrogatories, Defendants requested "a chart identifying specifically where and how each limitation of each element of the claim is found <u>within each [accused] product</u>." (Dkt. 67-16 at 6.) Plaintiff responded by referring Defendants to production documents SK-001726 through SK-001750 (in the record as Dkt. 112-7). (Dkt. 67-16 at 6.) Despite asserting infringement of eleven separate products (*see* Dkt. 112-5, Dkt. 112-6), Plaintiff provided infringement allegations against only a single product (*see* Dkt. 112-7). As to that single product, Plaintiff provided the image and text reproduced to the right as the basis for its theory of infringement of the "grooves" requirements of claim 1 and the "means" language of claim 16. (*Id.* at 4, 22.) Enlarged and significantly more informative images of the purported "grooves" were provided



In addition, the hard protective frame has two grooves, one on either side, that are broken by empty spaces. The hard protective frame of the accused products literally has grooves.

Grooves

---

[3]    In its opposition to summary judgment, Plaintiff tellingly asserted that "Plaintiff's Infringement Theory Is <u>Complete or Substantially Complete</u>." (Dkt. 130 at 9.)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

in Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint. (Dkt. 30 at 10.) Those images are reproduced below.



At the time it filed suit, Plaintiff was aware that the structures it identified could not meet the Court's construction from the previous lawsuit – "any long and narrow channel, hollow, cut, or indentation in a surface." (Dkt. 157 at 18.) It was for that reason that Plaintiff sought a far broader, vague, and unsupportable functional construction – "a channel, hollow, cut, indentation, depression, <u>area, edge, or portion on or in a surface to guide a sliding motion of another element.</u>" (*Id.* at 18.) The assertion that a "groove" can be merely an "area" or an "edge" or a "portion" was a clear attempt to erase all meaning from that claim term.

In addition, despite expressly asserting that its disclosed infringement theory applied to "[a]ll accused products" (Dkt. 112-7 at 3), Plaintiff was indisputably aware that the relevant structures differed between accused products. In particular, many of the accused products lacked the protrusions that Plaintiff asserted correspond to the recited "grooves." Evidence showing Plaintiff's knowledge include the below images <u>created by Plaintiff's</u> to identify three different "types" of accused product. In each image, Plaintiff added rectangles to identify the purported "grooves," and thereby admitted that certain products <u>did not</u> include plural infringing structures as required:

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

1  (Dkt. 78-5.) Indeed, in its summary judgment opposition (Dkt. 130), Plaintiff did

2  not dispute that the products included "variation[s]." (*Id.* at 9.) Plaintiff also

3  conceded that it failed to present infringement theories directed to those variations.

4  (*Id.*) Instead, Plaintiff asserts that Defendants should have guessed as to how the

5  claims read on those products. (*Id.* at 10.)

6      The reason for these vague allegations is clear when considered in the

7  context of Plaintiff's claim constructions as discussed in Section IV.A. above. In

8  particular, only by seeking constructions far from any plain or ordinary meaning of

9  "grooves" (*e.g.*, to encompass a "surface" or a "single" structure) could Plaintiff

10  present even a remotely plausible infringement theory. Persisting with such

11  demonstrably weak theories supports an exceptional case finding. *Inventor*

12  *Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377-78 (2017) ("We

13  conclude that the district court acted within the scope of its discretion in finding

14  this case to be exceptional based on the weakness of [Plaintiff's] arguments and the

15  need to deter similarly weak arguments in the future."); *see also AdjustaCam, LLC*

16  *v. Newegg, Inc.*, 861 F.3d 1353 (2017) (reversing a district court's denial of

17  attorney fees where the plaintiff "filed a weak infringement case . . . that became

18  objectively baseless after the district court's *Markman* order"). As explained in

19  *Eltech Systems Corp. v. PPG Industries, Inc.* 903 F.2d 805, 811 (Fed. Cir. 1990),

20  "[where a] patentee is manifestly unreasonable in assessing infringement, while

21  continuing to assert infringement in court, an inference is proper of bad faith,

22  whether grounded in or denominated as wrongful intent, recklessness, or gross

23  negligence."

24      The manifest weakness of Plaintiff's case, however, did not stop it from

25  demanding "treble damages" and a declaration "that this case is exceptional and

26  awarding SPIGEN its expenses, costs, and attorney's fees." (Dkt. 1 at 4.) The

27  strident manner with which Plaintiff pursued its claims should weigh in favor of an

28  award of attorney fees against Plaintiff.

11

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

### 3.   Plaintiff Failed to Provide a Meaningful Response to Defendant's Invalidity Theory

In their Summary Judgment Memoranda (Dkt. 110-1 and Dkt. 160), Defendants provided detailed step-by-step analyses of the *Graham*-factors for each element of each asserted claim. (Dkt. 110-1 at 17-28; Dkt. 160 at 4-10.) In response, Plaintiff presented a myriad of weak, misdirected, and untimely arguments. (Dkt. 130.) As the Court correctly concluded, many of Plaintiff's responses were premised on issues of claim construction that were not properly raised, and therefore, were waived. (Dkt. 157 at 37 ("Defendants correctly point out that Plaintiff's argument is premised on an issue of claim construction that it did not raise, and therefore, waived."); *id.* ("to the extent these 'factual disputes' about differences between the Stowaway and this portion of Claim 1—with respect to a 'raised wall' versus a 'depression' or a lack of 'storage compartment'—are premised on claim construction they are waived"); *id.* at 64 (same), *id.* at 65 ("to the extent that Plaintiff argues that 'opposite side of the indentation structure,' must mean the inside of the hard protective frame, that argument is a claim construction argument that is waived"); Dkt. 168-1 at 4 ("the time to present claim constructions has passed, and under any ordinary interpretation of the word 'along,' the Stowaway's protrusion is indeed along the boundary of the aperture").)

In addition, in order to avoid the unnecessary burden of supplemental briefing with respect to dependent claim 14, Defendants provided the Kwon Declaration (describing and attesting to the relevant features of the prior art Stowaway device) to Plaintiff on July 25, 2017. (Eisenberg Decl. Ex. 1.) Rather than stipulate to dismissal, Plaintiff's forced Defendants to fully brief the issue. (Eisenberg Decl. Ex. 2.) As the Court found in reviewing Plaintiff's opposition, the arguments presented included "an improper argument for reconsideration." (Dkt. 168-1 at 4.) Indeed, other than repeating that previously rejected argument, Plaintiff had no colorable argument distinguishing the additional recitations of claim 14 from the Stowaway. (*Id.* at 3-4.)

12

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

In addition, Plaintiff attempted to raise the so-called "secondary considerations" in its supplemental memorandum to rebut Defendant's *prima facie* case of obviousness. (Dkt. 162 at 13-15.) The Court characterized Plaintiff's position as follows: "Plaintiff's <u>conclusory evidence</u> that Plaintiff's total sales for products embodying the invention in the 283 Patent are upwards of $6.5 million, <u>in a vacuum</u>, <u>without a clearly demonstrated nexus to the merits challenged claims</u>, only raises a factual dispute as to <u>a very weak showing</u> of commercial success with a nexus to the merits of the claimed invention, <u>if any</u>." (Dkt. 157 at 30.) Given a <u>second chance</u> to present colorable allegations of secondary considerations in support of claim 14, Plaintiff again failed to link any of its alleged evidence to that claim. (Dkt. 168-1 at 6.) Instead, the Court concluded that "Plaintiff appears to be rearguing the obviousness of Claim 1, which has already been adjudicated, without a proper basis for reconsideration under Local Rule 7-18." (*Id.*)

Simply put, Plaintiff's substantive responses to Defendant's invalidity analysis were deemed too late and/or too weak to avoid summary judgment. (Dkt. 157 at 31-40; Dkt. 168-1 at 3-5.)

## B.   Plaintiff's Manner of Litigation Was Unreasonable

Many of the issues raised in this section were originally addressed in a sanctions motion and related reply filed earlier in this case. (Dkt. 64 and Dkt. 78.) Although the motion was unsuccessful, the substantive basis for relief and the standard for consideration are now different. *Octane*, 134 S. Ct. at 1756 ("sanctionable conduct is not the appropriate benchmark [for the award of attorney fees]"). "[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757; *In re Rembrandt Tech. LP Patent Litigation*, 899 F.3d 1254, 1278-79 (Fed. Cir. 2018) ("an award of fees under § 285 is not governed by the same exacting standards as a sanction under the Federal Rules of Civil Procedure"); *Lumen View Tech. LLC v.*

13

*Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 1016) ("Even if Lumen View's litigation conduct was not quite sanctionable, the court reasonably determined that the case was exceptional."). Indeed, in *Rothschild Connected Devices Innovations LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017), the Court reversed and remanded a denial of attorney fees because "the District Court failed to account for the totality of the circumstances by equating Rule 11 to § 285."

### 1.    Plaintiff's Discovery Conduct Was Unreasonable

Plaintiff's haphazard approach to litigation was highlighted in the Court's orders regarding the schedule for expert discovery. (Dkt. 53 and Dkt. 65.) Defendants sought to come to a reasonable agreement regarding the schedule, but Plaintiff refused. (Dkt. 53 at 2; *see also* Dkt. 56 at 3.) Plaintiff also failed to respond to Defendant's Request for Clarification (Dkt. 51) which left that request unopposed. (Dkt. 53 at 1-2.) Due to Plaintiff's "lack of diligence" (Dkt. 65 at 2), Plaintiff waived the right to rely on expert opinions to establish either infringement or damages. That loss materially weakened the likelihood that Plaintiff would succeed on the merits or obtain damages or equitable relief. Indeed, in an attempt to obtain an extension of the schedule, Plaintiff conceded that "experts would be needed to support Plaintiff's case." (Dkt. 59 at 2.) Despite that concession, Plaintiff pursued its case through summary judgment without regard for its weak litigation position.

In addition, Plaintiff's dilatory conduct did not end with its unforced error with respect to expert disclosures. The deadline for service of written discovery was November 7, 2017. (Dkt. 46 at 3.) On November 13, 2017, a week after the deadline for service of written discovery, Plaintiff served two sets of document requests and two sets of interrogatories. (Dkt. 64-10; Dkt. 64-11; Dkt. 64-12; Dkt. 64-13.) When informed that the deadline for service had passed, Plaintiff did not request an extension of the schedule and also refused to withdraw the requests.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

14

(Dkt. 64-15.) On December 1, 2017 Plaintiff served two more sets of document requests and two more sets of interrogatories. (Dkt. 64-16; Dkt. 64-17; Dkt. 64-18; Dkt. 64-19.) On December 5, 2017, Plaintiff served two more sets of document requests by attaching them to a pair of deposition notices. (Dkt. 64-20; Dkt. 64-21.) Although Federal Rule of Civil Procedure permits the inclusion of document requests within a deposition notice, it specifies that the request must be "under Rule 34." Fed. R. Civ. P. 30(b)(2). And Rule 34 specifies a response time of "30 days." Fed. R. Civ. P. 34(b)(2)(A). Plaintiff, therefore, served <u>ten sets</u> of untimely written discovery requests. Although Plaintiff obtained a reprieve when the Court-appointed special master extended the deadline, Plaintiff's unreasonable conduct is still relevant to this motion. *See Octane*, 134 S. Ct. at 1756; *Lumen View Tech. LLC*, 811 F.3d at 483; *Rothschild Connected Devices*, 858 F.3d at 1390.

## 2.   Plaintiff's Summary Judgment Responses Were Procedurally Improper

In its summary judgment briefing, Plaintiff attempted to convert its attorneys and fact witnesses into expert witnesses to cure its own procedural lapse from earlier in the case. That approach is not permitted. Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rather than ordinary attorney declarations supporting evidence or simple fact declarations based on personal knowledge, Plaintiff's provided declarations replete with improper legal opinions. (*See, e.g.*, Dkt. 115-2 ¶ 4-17 (opining on issues including claim construction, infringement, and inequitable conduct); Dkt. 115-3 ¶¶ 21-73 (opining on infringement); Dkt. 130-2 at ¶¶ 2-10 (opining on infringement); Dkt. 161-1 at ¶¶ 11-20 (opining on issues of claim scope and validity).). Declarations directed to legal opinions and arguments "violate [the Central District's] Local Rules 7–7 and 11–6 and are unnecessary and unhelpful."

15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

1   *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1027 (C.D. Cal. 2014),

2   *aff'd*, 891 F.3d 776 (9th Cir. 2018); *see also Heighley v. J.C. Penney Life Ins. Co*.,

3   257 F. Supp. 2d 1241, 1260 (C.D. Cal. 2003).

4         In addition, many months after the close of discovery, Plaintiff produced

5   thousands of additional pages of discovery in a fruitless attempt to manufacture

6   evidence of secondary considerations. Those thousands of late-produced

7   documents were then improperly inserted into the record via a declaration from its

8   counsel. Dkt. 162-3; Dkt. 162-4 through Dkt. 162-34.) To the very end, Plaintiff

9   refused to abide by the Court's scheduling order or proper procedure.

10   **C.    Other "Non-Exclusive" Factors Support the Award of Fees**

11         As *Octane* makes clear, the scope of relevant factors for the Court's

12   consideration is open ended. 134 S. Ct. at 1756 n.6 (identifying "a 'nonexclusive'

13   list of 'factors,' including 'frivolousness, motivation, objective unreasonableness

14   (both in the factual and legal components of the case) and the need in particular

15   circumstances to advance considerations of compensation and deterrence.'")

16   (quoting *Fogerty*, 510 U.S. at 534 n.19).) The broad and "generous standard" is

17   intended to be "compensatory, not punitive." *In re Rembrandt*, 899 F.3d at 1278.

18         Among the factors cited approvingly by the Federal Circuit are the

19   "necess[ity] to deter wasteful litigation in the future." *Inventor Holdings*, 876 F.3d

20   at 1377. The Court has also noted that "'motivation' to harass or burden an

21   opponent may be relevant to an 'exceptional case' finding." *Checkpoint Sys. Inc. v.*

22   *All-Tag Security S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017) (citing *SFA Sys., LLC*

23   *v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015)).

24         The present suit was not the first brought by Plaintiff against Defendants

25   based on the '283 patent. An earlier case ended after the Court granted a mistrial

26   against Plaintiff on the first day of trial. *Spigen Korea*, No 8:15-cv-01050 (Trial Tr.

27   vol. 1, at 94-96, Nov. 8, 2016). In addition, before granting the mistrial, the Court

28   "shared with counsel in chambers my concern about the obviousness question for

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

16

summary judgment purposes." *Id.* at 98. Indeed, the Court expressly described the "issue of obviousness" as "very close." *Id.* at 95. Despite the clear warning signs that Plaintiff's case was substantively weak and that procedural missteps could doom its case, Plaintiff recklessly marched ahead. The considerations of "compensation and deterrence" *Octane*, 134 S. Ct. at 1756 n.6, thus, strongly favor the award of fees. Indeed, the need for compensation here is enhanced by the fact that iSpeaker was required to expend resources defending against the same weak patent <u>twice</u>.

A plaintiff's litigiousness and conduct in other litigations is also a relevant factor for the Court's consideration. *See Rothschild Connected Devices*, 858 F.3d at 1389. Plaintiff has asserted the same patent in at least two other lawsuits. *Spigen Korea Co Ltd. v. Liu*, No. 2:16-cv-09185 (C.D. Cal. filed Dec. 12, 2016); *Spigen Korea Co. v. Congjing Technology Co., Ltd.*, No. 2:17-cv-03463 (C.D. Cal. filed May 8, 2017). In *Liu*, among the first orders issued by the court was an Order to Show Cause. *Liu*, No. 2:16-cv-09185 (Order dated Mar. 17, 2017 (Dkt. 27)). That court subsequently issued an order disqualifying Plaintiff's counsel Heedong Chae. *Id.* (Order dated Jun. 4, 2018 (Dkt. 123)). Although Defendants here are far less steeped in the events of that litigation, the docket for that case suggests another sloppy and haphazard pursuit of infringement claims.

In addition, the Court can take judicial notice that a colorable claim for inequitable conduct has been pleaded here and in *Liu* affecting the same patent at issue here. In particular, in this case, Defendants asserted that Korean Utility Model No. 20-0472435 ("KUM '435") was improperly withheld from the Patent Office during prosecution. (Dkt. 38 at 7.) Indeed, in the *Liu* case, the court stated that the defendants there "alleged facts from which the Court can reasonably infer specific intent, including knowledge of materiality, at the pleading stage: Defendants allege that Chae knew of but nonetheless withheld KUM '435 during prosecution, failed to inform his client about the duty of candor to the USPTO, and

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

had the specific intent to deceive the USPTO." No. 2:16-cv-09185 (Order dated Mar. 7, 2018 (Dkt. 79).)

### D.     Summary

Many other issues both large and small occurred during this litigation, including an apparent lack of candor on the part of Plaintiff's counsel. (*See* Dkt. 64 at 10-11.) Of necessity and in deference to the Court's busy schedule, only a sampling of the facts supporting the award of fees have been addressed in the Motion. The issue for consideration by the Court is whether, under a preponderance of the evidence, this case "stands out." The following bullet points provide a few facts that render this case far from the ordinary patent litigation:

- Plaintiff brought this case after a mistrial in a prior case relying on the same litigation counsel whose participation caused the prior mistrial;
- Plaintiff brought this case after the Court expressly warned it of the closeness of the validity issue at the close of the prior case;
- Plaintiff continued its pursuit of this case despite the lack of expert testimony to support infringement or damages;
- Plaintiff brought this case without a colorable infringement theory;
- Plaintiff continued its pursuit of this case despite an insignificant chance to obtain either monetary or equitable relief;
- Plaintiff ignored the Court's scheduling orders by knowingly serving multiple rounds of untimely written discovery;
- Plaintiff ignored the Court's scheduling orders by serving thousands of additional documents long after discovery cut off to create a record of "secondary considerations" on summary judgment; and
- Plaintiff sought to convert its attorneys and fact witnesses into experts in order to avoid summary judgment.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

## V.   DEFENDANTS PROPOSE A SIMPLIFIED PROCEDURE FOR THE QUANTIFICATION OF FEES

As to the determination of the amount of fees, Defendants propose a simplified "global fee analysis" procedure as applied by Judge Guilford in *Universal Electronics, Inc. v. Universal Remote Control, Ind.*, 130 F. Supp. 3d 1331, 1333-35 (C.D. Cal. 2015). Under this approach, the Court would use its experience with this case, along with Defendants' request, "to determine a reasonable aggregate global amount for fees." To assist in that analysis, Defendants propose providing an accounting of the attorney rates and hours expended, as well as any survey evidence that can be found regarding comparable rates, for the Court's consideration. Ultimately, to the extent that the Court determines that fees associated with any discrete portion of the case should be excluded from recovery, Defendants will provide a revised figure or the Court may *sua sponte* lower the request to reflect that exclusion.

## VI.   CONCLUSION

For the foregoing reasons, Defendants requests that the Court declare this case exceptional and award attorney fees and expenses[4] in an amount to be quantified through supplemental briefing.

Dated: November 21, 2018            Respectfully submitted,
                                    HOLLAND & KNIGHT LLP


                                    By:     /s/ *Michael Eisenberg*
                                            Michael B. Eisenberg (*pro hac vice*)
                                            Stacey H. Wang
                                            Attorneys for Defendants VRS Design, Inc. and iSpeaker Co., Ltd.

---

[4] The expenses to be addressed include expenses not included in the concurrently filed Application to the Clerk to Tax Costs (CV-59) and any costs claimed therein but disallowed, which may be submitted instead as non-taxable expenses. Defendants have no intention of seeking double recovery and will adjust the amounts as necessary in its supplemental briefing.

DEFENDANTS' MOTION FOR ATTORNEY FEES; MEMORANDUM IN SUPPORT